Citation Nr: 1719089 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 14-34 170 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for diabetes mellitus type II (DM), to include as due to exposure to herbicides.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Rachel Mamis, Associate Counsel


INTRODUCTION

The Veteran had active naval service from June 1955 to June 1959 and from June 1959 to January 1978.
This matter comes before the Board of Veterans' Appeals (Board) on appeal of a June 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran was exposed to herbicides when he disembarked at Da Nang Harbor in the Republic of Vietnam during active service.

2. The Veteran was diagnosed with DM in 2009 and has continued to receive treatment for such since that time. 


CONCLUSION OF LAW

It is presumed that the Veteran's DM was incurred as a result of his active service. 38 U.S.C.A. §§ 1110, 1116, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran contends that his DM is due to exposure to herbicides sustained while ashore in the Republic of Vietnam. Specifically, the Veteran reported that while serving aboard the USS Cone, he departed the ship and went ashore in the Republic of Vietnam to assist in off-loading a helicopter that had made an emergency landing on the ship. 

Review of the Veteran's Military Personnel Records (MPRs) confirms that the Veteran served aboard the USS Cone between July 20, 1971, and June 19, 1973. The Veteran's DD Form 214 indicates that the Veteran's military occupational specialty (MOS) was Store Manager. 

Records received from the Joint Services Records Research Center (JSRRC) provided documentation that on December 10, 1973, during the period in which the Veteran was serving aboard the USS Cone, that a UH-46 Sea Knight helicopter made an impromptu landing on the deck of the ship, due to mechanical issues. The JSRRC records did not indicate whether ship personnel were ordered or allowed to disembark the ship, or what was done with the helicopter. 

Records received from the Defense Personnel Records Information Retrieval System (DPRIS) similarly confirmed that on December 10, 1972, a UH-46 Sea Knight helicopter made an impromptu landing on the fantail (rear) portion of the USS Cone due to an engine failure. The ship's deck logs indicated that after the hard landing of the helicopter, which suffered damage, it was subsequently unable to take off. The records indicated that USS Cone personnel were responsible for securing the helicopter to the deck of the ship until it was off-loaded in Da Nang the following day. More specifically, the evidence indicated that the USS Cone entered Da Nang Harbor on December 11, 1972, following which harbor control personnel boarded the ship, and a tug boat was pulled alongside the USS Cone. The ship then maneuvered to a pier in the harbor at 1051 hours and departed at 1231 hours. The helicopter was off-loaded in Da Nang during that time. The records do not specifically indicate whether USS Cone personnel disembarked the ship at the time.
 
In an August 2008 statement, the Veteran stated that while serving on the USS Cone, they operated off the coast of the Republic of Vietnam in 1972. He stated that a helicopter crashed on the ship and that "we" were directed to ashore in the Republic of Vietnam to have the helicopter unloaded. The Veteran did not state how many crewmen were directed to assist with that task. The Veteran's MPRs indicate that at the time, the Veteran was serving in the rank of Chief Petty Officer. He further stated that he believed himself to have been exposed to herbicides during the time he was ashore in the Republic of Vietnam. The Veteran provided sworn testimony, which included an anecdotal account of his role aboard the USS Cone following the incident with the helicopter. The Veteran did not overly embellish his account of this incident or of his brief time ashore in the Republic of Vietnam. Further, his account of the incident has been otherwise confirmed by the other evidence of record, thus lending the statement that the Veteran entered Vietnam further credibility in the eyes of the Board. Therefore, the Board concedes the Veteran was exposed to herbicides during his active service. 

A review of the medical evidence of record shows that the Veteran was diagnosed with DM in 2009 and that he has continued to receive treatment for such since that time.

Therefore, the Board finds that the preponderance of the evidence is for the claim and entitlement to service connection for DM is warranted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for DM is granted.



____________________________________________
Kristin Haddock
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs